UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

In re EASTMAN KODAK COMPANY                 **DECISION AND ORDER**
SECURITIES LITIGATION.
                                            6:21-CV-6418 EAW
_____

# INTRODUCTION

This lawsuit consists of two consolidated matters, one of which was filed in the United States District Court for the District of New Jersey on August 13, 2020 (*Tang v. Eastman Kodak Co.*, 6:21-cv-6418), and the other in the Southern District of New York on August 26, 2020 (*McAdams v. Eastman Kodak Co.*, 6:21-cv-6449). Both matters were transferred to this District on or about May 28, 2021 and June 15, 2021, respectively. Pursuant to a stipulation of the parties and approved by Order of the Court entered June 22, 2021, the matters were consolidated for all purposes into one action and denominated "In re Eastman Kodak Company Securities Litigation" with the case number from the *Tang* action assigned; the *McAdams* case was administratively terminated; and a directive was entered that any subsequently filed actions arising out of the same subject matter of this action be consolidated. (Dkt. 89[1]).

When the cases were transferred, both had multiple motions pending for the appointment of lead plaintiff. For the reasons set forth below, the Court grants the motion filed by Les Investissements Kiz Inc. ("Kiz Inc.") and UAT Trading Service, Inc. ("UAT")

---

[1]   This citation and all subsequent docket citations will be to the filings in *Tang v. Eastman Kodak Co.*, 6:21-cv-6418, now titled "In re Eastman Kodak Company Securities Litigation," unless otherwise specified.

(Dkt. 27) and appoints those entities as lead plaintiff and Kaplan Fox & Kilsheimer LLP and Labaton Sucharow LLP as lead counsel. The remaining pending motions for appointment as lead plaintiff are denied. (Dkt. 18; Dkt. 31).

## BACKGROUND

I. **Factual Background**

Plaintiffs commenced this federal securities class action against Eastman Kodak Company ("Kodak") and certain of its former officers and directors. (Dkt. 1 at ¶¶ 1, 2). The complaint alleges that in a July 27, 2020 statement to media outlets, Kodak announced a "new manufacturing initiative" with the United States International Development Finance Corporation ("DFC") involving a response to the COVID-19 pandemic. (*Id.* at ¶¶ 2, 27). On the same day, Kodak's CEO and Executive Chairman, defendant Jim Continenza ("Continenza"), and other Kodak officers and directors were granted considerable stock options. (*Id.* at ¶¶ 3, 34). The price of Kodak's shares jumped 200% on July 28, 2020, following news that Kodak won a government loan from the DFC to produce pharmaceutical ingredients to combat COVID-19, and the stock price continued to surge the following day. (*Id*. at ¶¶ 4, 29-30). In the days that followed, media outlets reported that the award of stock options to Continenza was unusual, causing the share prices to drop. (*Id.* at ¶¶ 5-6, 38). An investigation into potential violations of securities laws and United States Securities and Exchange Commission ("SEC") regulations was requested. (*Id.* at ¶¶ 7-8, 39-40). On August 7, 2020, the DFC announced that the allegations of wrongdoing by Kodak raised serious concerns and that the DFC would not proceed further with its July 28, 2020 Letter of Interest unless the allegations were cleared.

(*Id.* at ¶¶ 13, 47). This news caused Kodak's share prices to further decline. (*Id.* at ¶¶ 14, 47).

The complaint alleges two causes of action: first, against all defendants for violation of § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder (*id.* at ¶¶ 69-79); and second, against the individual defendants for violation of § 20(a) of the Securities Exchange Act of 1934 (*id.* at ¶¶ 80-83). The complaint alleges a class period of July 27, 2020 through August 7, 2020, and the claims are asserted on behalf of all persons or entities that purchased or otherwise acquired Kodak common stock during that period. (*Id.* at ¶ 1).

## II. Procedural Background

Plaintiffs filed *Tang v. Eastman Kodak Co.*, 6:21-cv-6418, in the United States District Court for the District of New Jersey on August 13, 2020. Then, on August 26, 2020, *McAdams v. Eastman Kodak Co.*, 6:21-cv-6449, was filed in the United States District Court for the Southern District of New York. Both matters were transferred to this District on May 28, 2021 and June 15, 2021, respectively. By Stipulation and Order entered June 22, 2021, the matters were consolidated for all purposes into one action and *McAdams* was administratively terminated. (Dkt. 89).

Prior to transfer to this District, a number of motions for the appointment of lead plaintiff were filed in both cases. (*See Tang,* Dkt. 15 (Broward Motorsports Holdings LLC); Dkt. 18 (Charles Satterwhite, Terry Butler, and Yiki Woodling (collectively "the Satterwhite Group")); Dkt. 19 (Gary Eberhard); Dkt. 22 (Scott Reynolds, SRR Fortress Capital LLC); Dkt. 25 (Margaretha Welkhammer); Dkt. 26 (Doug Atkin); Dkt. 27 (Kiz

Inc. and UAT); Dkt. 31 (John McMullan ("McMullan")); Dkt. 32 (Daniel Yannes); Dkt. 33 (Alexander Enciso); Dkt. 34 (Fred Khachi, Elaine Khachi, Sasan Payvar, and Domenic Pesce); and Dkt. 35 (Kevin Harte and Alfred Fenelle); *McAdams,* Dkt. 7 (Broward Motorsports Holdings LLC); Dkt. 11 (Gary Eberhard); Dkt. 14 (Satterwhite Group); Dkt. 15 (Scott Reynolds and SRR Fortress Capital LLC); Dkt. 19 (Doug Atkin); Dkt. 22 (Margaretha Welkhammer); Dkt. 23 (Alexander Enciso); Dkt. 27 (McMullan); Dkt. 28 (Kiz Inc. and UAT); Dkt. 34 (Fred Khachi, Elaine Khachi, Sasan Payvar, and Domenic Pesce); and Dkt. 37 (Kevin Harte and Alfred Fenelle)).  Many of these motions were thereafter withdrawn,[2] leaving only the motions of Kiz Inc. and UAT (Dkt. 27), McMullan (Dkt. 31), and the Satterwhite Group (Dkt. 18) pending before the Court.

On October 13, 2020, the Satterwhite Group filed their motion for appointment as lead plaintiff.  (Dkt. 18).  They filed a supplemental brief on November 2, 2020 (Dkt. 47), and reply brief on November 9, 2020 (Dkt. 50).  On October 13, 2020, Kiz Inc. and UAT filed their motion for appointment as lead plaintiff (Dkt. 27; Dkt. 28; Dkt. 29), supplemental brief on November 2, 2020 (Dkt. 49), and reply brief on November 9, 2020 (Dkt. 52).  McMullan also filed his motion for appointment as lead counsel on October 13,

---

[2]   In the *Tang* action, Dkt. 15 was withdrawn by Dkt. 41; Dkt. 19 was withdrawn by Dkt. 42; Dkt. 22 was withdrawn by Dkt. 46; Dkt. 25 was withdrawn by Dkt. 36; Dkt. 26 was withdrawn by Dkt. 40; Dkt. 32 was withdrawn by Dkt. 43; Dkt. 33 was withdrawn by Dkt. 37; Dkt. 34 was withdrawn by Dkt. 44 and Dkt. 45; and Dkt. 35 was withdrawn by Dkt. 38.  In *McAdams*, Dkt. 7 was withdrawn by Dkt. 48; Dkt. 11 was withdrawn by Dkt. 53; Dkt. 15 was withdrawn by Dkt. 58; Dkt. 19 was withdrawn by Dkt. 46; Dkt. 23 was withdrawn by Dkt. 42; Dkt. 34 was withdrawn by Dkt. 59; and Dkt. 37 was withdrawn by Dkt. 43.

2020 (Dkt. 31), supplemental brief on November 2, 2020 (Dkt. 48), and reply brief on November 9, 2020 (Dkt. 51).

## **DISCUSSION**

### I.      **Legal Standard**

The Private Securities Litigation Reform Act ("PLSRA") provides that a court shall appoint the "most adequate plaintiff" to represent the class; that is, the plaintiff "that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i); *see also Chitturi v. Kingold Jewelry, Inc.*, No. 20-CV-2886-LDH-SJB, 2020 WL 8225336, at *3 (E.D.N.Y. Dec. 22, 2020) ("The PSLRA requires the court to appoint as 'lead plaintiff' the member of the class that it determines to be the 'most adequate plaintiff,' i.e., the member 'most capable of adequately representing the interests of class members.'" (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis omitted)). The PLSRA directs that there is a "rebuttable presumption" that the "most adequate plaintiff" is the one who "has either filed the complaint or made a motion," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). A party may rebut the presumption "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In assessing the parties' financial interest, courts typically consider: "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered." *Chitturi*, 2020 WL 8225336, at *4 (quoting *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). The fourth factor, approximate losses suffered, is generally considered the most important of the four. *Lundy v. Ideanomics, Inc.*, No. 20 CIV. 4944 (GBD), 2020 WL 7389027, at *1 (S.D.N.Y. Dec. 16, 2020) ("Financial loss, 'the last factor, is the most important element' in determining which plaintiff has the 'largest financial interest' pursuant to the PSLRA." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)).

"The PSLRA's final requirement is that the proposed lead plaintiff satisfy Rule 23's requirements for class certification: numerosity, commonality, typicality, and adequacy," and in this early stage of litigation proceedings, the factors of typicality and adequacy are most important. *In re Hebron Tech. Co., Ltd. Sec. Litig.*, No. 20 CIV. 4420 (PAE), 2020 WL 5548856, at *5 (S.D.N.Y. Sept. 16, 2020).

## II.    Pending Motions for Appointment as Lead Plaintiff

As noted, three motions remain pending before the Court: the motion by Kiz Inc. and UAT; the motion by the Satterwhite Group; and the motion by McMullan. Kiz Inc. and UAT contend that they collectively have the largest financial interest in the relief

sought, with combined losses of $2,959,986.93.[3]  They calculate the Satterwhite Group to have a combined loss of $1,355.399.08, and McMullan a loss of $630,246.00.  While McMullan does not dispute the financial calculations advanced by Kiz Inc. and UAT (*see* Dkt. 51 at 5)[4], the Satterwhite Group argues that Kiz Inc. and UAT's trading history does not reflect *any* losses attributable to the fraud because they sold shares prior to any revelations of fraud.  The Satterwhite Group relies on *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), for its argument that a lack of loss causation renders a party unable to satisfy the necessary financial interest for purposes of a lead plaintiff determination.  In *Dura*, in the context of a motion to dismiss in a "fraud-on-the-market" case, the Supreme Court held that a plaintiff must show that a defendant proximately caused a plaintiff's losses not only through an inflation of the share price but also that the "share price fell significantly after the truth became known."  544 U.S. at 347.

While "the appropriateness of employing *Dura* analysis at the lead plaintiff stage is not entirely settled," *Afr. v. Jianpu Tech. Inc.*, No. 21-CV-1419 (JMF), 2021 WL 1999467, at *2 (S.D.N.Y. May 19, 2021) (quotation omitted), the Court agrees that the issue of loss

---

[3]   Kiz Inc. and UAT have submitted a detailed chart reflecting their loss analysis. (Dkt. 28-3).  This chart shows alleged losses suffered by Kiz Inc. of $1,712,149.85 based on cover purchases that exceeded short sales on July 28 and 29, 2020.  (*Id*. at 2-3).  The chart also shows alleged losses suffered by UAT of $1,247,837.08 based on both short and long investments during the time period July 28, 2020 through August 10, 2020.  (*Id*. at 3-143).  These calculations are based on a "LIFO" method, relied upon by most courts to evaluate approximate losses.  *See City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, No. 20-CV-10360 (AJN), 2021 WL 396343, at *3 (S.D.N.Y. Feb. 4, 2021).

[4]   McMullen contends that Kiz Inc. and UAT are inappropriate for designation as lead plaintiff for other reasons, as discussed more fully below.

causation is not irrelevant to its considerations. But "some courts have been reluctant to apply *Dura* at the appointment-of-lead-plaintiff stage if a case involves multiple disclosures and the analysis of recoverable losses is murky and lacks sufficient evidence." *City of Sunrise Firefighter's Pension Fund*, 2021 WL 396343, at *3; *see also Di Scala v. ProShares Ultra Bloomberg Crude Oil,* No. 20 CIV. 5865 (NRB), 2020 WL 7698321, at *3 (S.D.N.Y. Dec. 28, 2020) ("However, where, as here, the complaint alleges multiple partial disclosures over the course of the Class Period, this Court has been 'reluctant' to apply *Dura* at the lead plaintiff stage." (quotation omitted). Here, Kiz Inc. and UAT argue that even under a *Dura* analysis, short sellers can establish the requisite causal connection between the alleged misrepresentations and their losses in light of the substantial stock price increase caused by Defendants' dissemination of unreliable information that ultimately required investors who were short to make cover purchases at prices that were artificially inflated. (*See* Dkt 52 at 8-9). They also argue that the fact alone that they were engaging in short sales cannot preclude their designation as lead plaintiff. *See Chun Huang v. Canntrust Holdings Inc.*, No. 19-CV-6396 (JPO), 2020 WL 9077513, at *3 (S.D.N.Y. Apr. 16, 2020) ("However, entities that engage in short sales are not automatically excluded from appointment as a lead plaintiff."); *Broadfoot v. Barrick Gold Corp.*, No. 17 CIV. 3507 (NRB), 2017 WL 3738444, at *1 (S.D.N.Y. Aug. 9, 2017) ("We recognize that short sellers and day traders are not automatically disqualified from serving as lead plaintiffs.").

Based on the information in the pending motions, the Court concludes that Kiz Inc. and UAT have satisfactorily established that they have the greatest financial interest in the

outcome of the litigation.  The Satterwhite Group's methodology for calculating financial loss is not only unclear,[5] but it appears to misapprehend the nature of losses to a short investor in the context of *Dura*.  Kiz Inc. and UAT purportedly suffered significantly more losses than the other movants, and collectively they suffered losses from both short sales and more long term investments.  (*See* Dkt. 28-3).  With respect to the short sales, Kiz Inc. and UAT have presented evidence that the allegedly artificially inflated stock price caused losses through the higher costs paid for cover purchases.  (*Id.*).  And for the long investments alleged by UAT, the Court agrees that even the Satterwhite Group's unclear loss methodology supports a conclusion that UAT suffered the greatest losses.  (*See* Dkt. 47-1 at 49).

Separate and apart from the size of the financial loss, the other movants also contend that Kiz Inc. and UAT constitute an improperly formed group, making them inappropriate parties to be appointed as lead counsel.  They also argue that Kiz Inc. and UAT cannot satisfy Rule 23's requirements for adequacy and typicality due to their engagement in short sales, cover purchases, or atypical trading patterns.  The Court disagrees.

The PSLRA permits the court to appoint a "group of persons" to serve as lead plaintiff, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I),  and "[t]he majority of courts . . . permit[ ] unrelated investors to join together as a group seeking lead-plaintiff status on a case-by-

---

[5]     With no apparent explanation, the Satterwhite Group has submitted a one-page chart purportedly depicting the losses incurred by UAT. (Dkt. 47-1 at 49). As counsel for UAT points out, not only is the methodology used for that chart unclear, but according to the Satterwhite Group's own submission, UAT suffered losses during the time period reflected in the chart (July 28, 2020 through August 10, 2020) of almost one million dollars.  (*See* Dkt. 52 at 7).

case basis, if such a grouping would best serve the class." *Chauhan v. Intercept Pharms.*, No. 21-CV-00036 (LJL), 2021 WL 235890, at *3 (S.D.N.Y. Jan. 25, 2021) (citation omitted). Based on the information in the group declaration filed by Kiz Inc. and UAT (Dkt. 28-4), the Court is satisfied that the grouping is in the best interest of the class. Specifically, Kiz Inc. and UAT have established that they "will be able to function cohesively and to effectively manage the litigation apart from their lawyers," *Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008), by submitting evidence that they are two sophisticated entities that independently sought outside counsel and established a plan for cooperation prior to filing the pending motion (*see* Dkt. 28-4). In other words, the record does not support a conclusion that Kiz Inc. and UAT were "assembled as a makeshift by attorneys for the purpose of amassing an aggregation of investors purported to have the greatest financial interest in the action." *Varghese*, 589 F. Supp. 2d at 392.

Moreover, while Kiz Inc. and UAT have engaged in short selling, they persuasively argue that the benefit of them having both long and short interests is a benefit to the class, not a detriment. Further, as noted above, "[c]ourts have rejected the argument that the use of sophisticated investment strategies disqualifies a party from serving as lead plaintiff or necessarily undermines reliance, particularly at this stage of the litigation." *Chauhan*, 2021 WL 235890, at *6 (quoting *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2021 WL 148752, at *9 (S.D.N.Y. Jan. 15, 2021)). At this early stage, the Court concludes that appointing Kiz Inc. and UAT as lead plaintiff would be in accordance with the typicality and adequacy requirements of Rule 23.

In sum, all of the lead plaintiff applicants and their counsel appear highly qualified and would likely zealously and effectively represent the potential class. However, the Court is charged with identifying the applicant best able to represent the interests of the potential class. The Court has carefully reviewed the submissions and considered the pending applications for appointment as lead plaintiff and approval of lead counsel in light of the legal standards set forth above. The Court hereby grants the motion filed by Kiz Inc. and UAT and appoints those entities as lead plaintiff and Kaplan Fox & Kilsheimer LLP and Labaton Sucharow LLP as lead class counsel. Of course, should information be developed that raises a question as to the continued appropriateness of this determination, the Court may revisit the designation at that time. *See In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 117 (E.D.N.Y. 2012) ("[T]he Court is aware that other facts may come to light throughout the course of this litigation, and therefore the Court 'reserves the right to modify this lead plaintiff structure in the event that litigation is stalled, expenses become unnecessarily duplicative or wasteful, or the structure becomes otherwise unmanageable.'" (citation omitted)).

## CONCLUSION

For the foregoing reasons, the motion (Dkt. 27) filed by Kiz Inc. and UAT to be appointed lead plaintiff and for their counsel Kaplan Fox & Kilsheimer LLP and Labaton Sucharow LLP to be appointed as lead counsel is granted. The remaining pending motions for appointment as lead plaintiff are denied. (Dkt. 18; Dkt. 31). The deadlines for subsequent pleadings and motions set forth in the Stipulation and Order entered on September 14, 2020, shall apply as set forth therein. (Dkt. 7).

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: August 2, 2021
       Rochester, New York